IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| KEVIN EPPERSON, | § | |
| | § | |
| Defendant Below- | § | No. 573, 2014 |
| Appellant, | § | |
| | § | |
| v. | § | Court Below—Superior Court |
| | § | of the State of Delaware, |
| STATE OF DELAWARE, | § | in and for New Castle County |
| | § | Cr. ID 9408009291 |
| Plaintiff Below- | § | |
| Appellee. | § | |

Submitted: October 14, 2014
Decided: November 17, 2014

Before **STRINE**, Chief Justice, **RIDGELY**, and **VALIHURA**, Justices.

**O R D E R**

This 17th day of November 2014, upon consideration of the appellant's request for leave to file an appeal from the Superior Court's denial of his twentieth motion for postconviction relief and his response to the Court's rule to show cause why the appeal should not be dismissed, it appears to the Court that:

(1) The appellant, Kevin Epperson, was convicted by a Superior Court jury in 1996 of Kidnapping in the First Degree and Unlawful Sexual Contact in the First Degree. He was sentenced as a habitual offender to serve fifty-two years in prison followed by a period of probation. His convictions and sentence were affirmed on direct appeal.

(2) In 2006, following his appeal from the Superior Court's denial of his eighth postconviction motion, this Court noted that Epperson's repetitive filings were frivolous and constituted an abuse of the judicial process. We, therefore, enjoined Epperson from filing any future claims in this Court without first obtaining leave of the Court *and* filing a motion to proceed *in forma pauperis* in compliance with 10 *Del. C.* § 8803.

(3) Epperson filed his current request seeking leave to appeal from the Superior Court's denial of his twentieth postconviction motion. Epperson contends that his twentieth petition, which challenged the legality of the indictment against him, raises a constitutional issue that has never been addressed before by any court and is not procedurally barred.

(4) Having conducted a preliminary review of Epperson's appeal from the Superior Court's August 21, 2014 order, we conclude that his appeal is not approved for filing. This is Epperson's twentieth Rule 61 petition. We have now invested considerable time detailing our reasons why his previous petitions were procedurally barred. We will not continue to invest scarce judicial resources to address his untimely and repetitive claims. We encourage Epperson to be mindful of Rule 61(j) before filing any further frivolous petitions in the Superior Court.

NOW, THEREFORE, IT IS ORDERED that the Epperson's appeal papers are STRICKEN and this matter is SUMMARILY DISMISSED.

BY THE COURT:


/s/ Karen L. Valihura
Justice